UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEHL,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE LLC, et al.,<br><br>        Defendants. | No. 2:17-cv-01099 JAM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned by Local Rule 302(c)(21). Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] brings a motion to dismiss, ECF No. 39, and a motion to strike portions of the First Amended Complaint, ECF No. 40. After reviewing the parties' briefing, the court found oral argument was unnecessary and took the matter under submission. ECF No. 45. For the reasons stated below, the undersigned will recommend that defendant's motion to dismiss be granted, and that defendant's motion to strike be denied as moot.

////

---

[1] Wells Fargo is successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (erroneously sued separately as "Wells Fargo Home Mortgage, LLC").

1

I. PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on April 18, 2017 in state court. ECF No. 1-1. The complaint identified Wells Fargo Mortgage, LLC; Wells Fargo Bank, N.A.; and Does 1 to 50 as defendants. Id. at 2. The complaint contained the following thirteen state law causes of action arising from a 2006 residential home loan and the subsequent denials of a loan modification: (1) breach of contract and the implied covenant of good faith and fair dealing; (2) specific performance; (3) breach of Cal. Civ. Code § 2923.5; (4) breach of Cal. Civ. Code § 2924.11; (5) negligence; (6) declaratory judgment and injunctive relief; (7) negligence/gross negligence; (8) slander of title; (9) quiet title; (10) common law restitution/unjust enrichment; (11) accounting; (12) unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200; (13) fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200. ECF No. 1-1 at 10-22. On May 25, 2017, Wells Fargo removed the state action to this court on grounds of diversity jurisdiction. ECF No. 1; see 28 U.S.C. § 1441(b).

On June 1, 2017, Wells Fargo filed a motion to dismiss. ECF No. 3. On August 4, 2017, plaintiff filed a motion remand. ECF No. 15. Both motions were heard on September 6, 2017. ECF No. 23. On March 19, 2018, the undersigned issued Findings and Recommendations recommending that plaintiff's motion to remand be denied and defendant's motion to dismiss be granted. ECF No. 29. On June 5, 2018, the presiding District Judge adopted the Findings and Recommendations in full, denying the motion to remand and granting the motion to dismiss. Id. Plaintiff's Claims 1, 2, 5, 8, 9, 10, 11, 12, 13 were dismissed with prejudice and Claims 3, 4, 6, and 7 were dismissed with leave to amend. Id. On July 5, 2018, plaintiff filed a first amended complaint. ECF No. 35.

The first amended complaint generally contained the same allegations as the original complaint; identified Wells Fargo Bank, LLC; Wells Fargo Bank, N.A.; and the Doe defendants from his original complaint; and presented the four claims that plaintiff had been granted leave to amend: Claim 3 (Breach of Cal. Civ. Code § 2923.5), Claim 4 (Breach of Cal. Civ. Code § 2924.11), Claim 6 (declaratory judgment & injunctive relief), and Claim 7 (negligence & gross
////

negligence). Plaintiff also included in his first amended complaint an additional claim for violation of Cal. Civ. Code § 2923.7.[2] Id.

## II. REQUESTS FOR JUDICIAL NOTICE

### A. Legal Standard

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Id. Facts subject to judicial notice may be considered by a court on a motion to dismiss. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice") (citation and quotation marks omitted).

### B. Materials for Which Judicial Notice is Sought

As part of its motion to dismiss, Wells Fargo requests judicial notice of the following documents:

1. A Grant Deed dated December 11, 2000 and recorded in the official records of the Sacramento County Recorder's Office on December 28, 2000 as Document No. 20001226-0696. ECF No. 39-1, Exh. A.

2. A Short Form Deed of Trust dated April 14, 2001 and recorded in the official records of the Sacramento County Recorder's Office on May 3, 2001 as Document No. 20010503-0459. ECF No. 39-1, Exh. B

3. An Adjustable Rate Mortgage Note dated July 14, 2006 and signed by Catherine Cahill Mehl and John Glen Mehl as individuals and Trustees. ECF No. 39-1, Exh. C.

4. A Deed of Trust dated July 14, 2006 and recorded in the official records of the Sacramento County Recorder's Office on July 21, 2006 as Document No. 20060721-1244. ECF No. 39-1, Exh. D.

---

[2] Plaintiff did not seek permission from the court to include this newly asserted claim to his first amended complaint. Accordingly, the court will not address this claim as it has not been properly brought before the court.

3

5. Documents from various federal agencies showing that World Savings Bank, FSB, became Wachovia Mortgage, FSB, which became Wells Fargo Bank Southwest, NA, which became Wells Fargo Bank, NA. ECF No. 39-1, Exh. E.

6. A Modification Agreement dated July 22, 2009 and signed by Catherine Cahill Mehl and John Glen Mehl as individuals and Trustees. ECF No. 39-1, Exh. F.

7. A Notice of Default dated February 9, 2016 and recorded in the official records of the Sacramento County Recorder's Office on February 11, 2016 as Document No. 20160211- 1069. ECF No. 39-1, Exh. G.

8. A Subordination Agreement dated November 20, 2013 and recorded in the official records of the Sacramento County Recorder's Office on December 3, 2013 as Document No. 20131203-0791. ECF No. 39-1, Exh. H.

9. A Notice of Trustee's Sale dated May 16, 2016 and recorded in the official records of the Sacramento County Recorder's Office on May 19, 2016 as Document No. 20160519-1081. ECF No. 39-1, Exh. I.

10. A Letter dated October 19, 2016 from Wells Fargo to plaintiff regarding denial of loan modification under the Home Affordable Modification Program (HAMP). ECF No. 39-1, Exh. J.

Plaintiff does not oppose these requests. Instead, plaintiff requests judicial notice of the following documents:

1. A signature page relating to participation in a short sale with no signatures. Document is page 5 of 6 pages. ECF No. 43 at 11-12, Exh. A.

2. John Glen Mehl and Catherine Cahill Mehl's Discharge of Debtor filed on April 4, 2011 in the United States Bankruptcy Court, Eastern District of California. ECF No. 43 at 13-15, Exh. B.

3. A Quitclaim Deed dated August 11, 2014 and recorded August 12, 2014 in Sacramento County as Document No. 20140812-0761. ECF No. 43 at 16-17, Exh. C.

ECF No. 43 at 2, 4.

Defendant does not oppose these requests.

C. Resolution

The court takes judicial notice of the documents submitted by defendant as they are "capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned[.]" United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); see also Fed. R. Evid. 201(b). Moreover, in actions arising from mortgage disputes, courts may take judicial notice of the deed of trust and other documents pertaining to the loan. Kelley v. Mortgage Electronic Registration Systems, Inc., 642 F. Supp. 2d 1048, 1052-53 (N.D. Cal. 2009). The court will also judicially notice plaintiff's Exhibit B and C as they include "matters of public record outside the pleadings." Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). However, plaintiff's Exhibit A is an incomplete document with missing pages. Accordingly, the court will decline to take judicial notice of plaintiff's Exhibit A. See Fed. R. Evid. 201(b)(2).

### III. MOTION TO DISMISS

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7). ECF No. 39. First, Wells Fargo argues that plaintiff has failed to join necessary parties: Catherine Cahill Mehl (Ms. Mehl) and the John Mehl and Catherine Mehl Family Revocable Trust Established 12/11/2000 (the "Trust"). ECF No. 39 at 11, 15-17; citing Fed. R. Civ. P. 12(b)(7) (failure to join a party under Rule 19), 19(a)(1) (joinder of a required party). Defendant further argues that plaintiff has failed to comply with the court's March 19, 2018 Findings and Recommendations by establishing that Ms. Mehl and the Trust are not required parties by alleging facts and providing supporting documentation that she and the Trust no longer remain obligated on the subject property and the loan in dispute. ECF No. 39 at 11. Second, defendant challenges the legal and factual sufficiency of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 39 at 18-31. Lastly, defendant argues that plaintiff improperly includes a new claim under Cal. Civ. Code § 2923.7 without leave from court. ECF No. 39 at 18. Since the joinder of a required party issue is sufficient to support dismissal, the court will not reach defendant's alternative theories for dismissal.

A. Legal Standards

A defendant may bring a motion to dismiss under Fed. R. Civ. P. ("Rule") 12(b)(7) for failure to join an indispensable party as required by Rule 19. See Fed. R. Civ. P. 12(b)(7). The moving party has the burden of proof on a motion to dismiss pursuant to Rule 12(b)(7). Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). In deciding whether to grant or deny a

5

motion to dismiss pursuant to Rule 12(b)(7), a court may consider evidence beyond the pleadings. McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960).

Rule 19 "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999). First, the court asks whether "the absent party [is] necessary (i.e., required to be joined if feasible) under Rule 19(a)." Salt River Project Agricultural Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012). Second, if so, "the court must determine whether joinder is 'feasible.'" Bowen, 172 F.3d at 688. Third, "if joinder is not 'feasible,' the court must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." Bowen, 172 F.3d at 688 (citing Fed. R. Civ. P. 19(b) (listing factors for courts to consider)).

B. The First Amended Complaint

The following allegations are taken as true solely for purposes of this motion to dismiss. According to the first amended complaint ("complaint"), on July 14, 2006 plaintiff obtained a home loan with World Savings Bank ("World Savings") to refinance his real property located at 3104 Crest Haven Dr., Sacramento, CA 95821. ECF No. 35 at ¶¶ 6-7. According to plaintiff, the World Savings home loan for $320,000 was obtained to refinance his primary loan and pay off subordinate liens. Id. at ¶ 8. The home loan repaid the First and Second Deed of Trusts on the real property, but instead of the "title company or the lender" paying off the Third Deed of Trust held by Wells Fargo, it paid the sum of $165,000 on a different property. Id. at ¶¶ 8-9. This resulted in the World Savings home loan being placed in second position and the Wells Fargo Deed of Trust being placed in first position. Id. at ¶¶ 9-10. Plaintiff alleges that on December 3, 2013, Wells Fargo tried to fix "this mistake" by recording a subordination agreement, placing the World Savings home loan in first position and the Wells Fargo Deed of Trust in second position, "without plaintiff's knowledge or input." Id. at ¶ 11. Plaintiff alleges that Wells Fargo has "admitted in written correspondence that the [Wells Fargo Deed of Trust] is not legal and that its very existence is in error." Id.

////

6

On February 11, 2016, Wells Fargo recorded a Notice of Default against the real property. ECF No. 35 at ¶ 14; ECF No. 39-1 (Defendant's Request for Judicial Notice ("RJN")) at 51-54. Plaintiff alleges that Wells Fargo had submitted a Declaration of Compliance stating it had complied with Cal. Civ. Code § 2923.55(c) by contacting the borrowers thirty days prior to recording the Notice, which plaintiff alleges is untrue. ECF No. 35 at ¶¶ 14-16; ECF No. 39-1 (Defendant's RJN) at 54. Plaintiff alleges that Wells Fargo made no efforts to contact plaintiff or his ex-wife, Ms. Mehl, within the required time-period. ECF No. 35 at ¶ 16. Plaintiff contends Ms. Mehl "remains on the loan." Id.

Plaintiff further alleges that "in or around mid[-]2016," plaintiff submitted to Wells Fargo an application for the Home Affordable Modification Program ("HAMP"). ECF No. 35 at ¶ 17. On October 19, 2016, plaintiff's application was denied which plaintiff asserts was defective, in part, for failing to conduct a proper Net Present Value ("NPV") test. ECF No. 35 at ¶¶ 18-24, 27; ECF No. 39-1 (Defendant's RJN) at 65-77. On January 27, 2017, plaintiff submitted a secondary application for HAMP, for which is unclear the status of the application. ECF No. 35 at ¶ 30.

### C. Discussion

Defendant argues that this action must be dismissed pursuant to Rule 12(b)(7) because indispensable parties—Ms. Mehl and the Trust, who are co-borrowers on the 2006 home loan—have not been joined in accordance with Rule 19. ECF No. 39 at 16-17. Plaintiff contends that Ms. Mehl is no longer obligated on the 2006 home loan because she quit-claimed her interest in the real property and the effect of the bankruptcy discharge relieved her of any obligation on the 2006 home loan. ECF No. 43 at 2-3. Plaintiff further argues that the Trust is not an indispensable party because its interest in the real property was quit-claimed and the defendant has "conceded" that the Trust is not a required party based on written correspondence regarding a loan modification only addressing plaintiff and Ms. Mehl as individuals, and not the Trust. Id. at 3-4.

#### 1. Necessary Parties

Here, it is clear that Ms. Mehl and the Trust are necessary and indispensable parties. The record establishes that Ms. Mehl remains obligated on the 2006 home loan, at a minimum in her

7

individual capacity. See ECF Nos. 39-1 (Defendant's RJN) at 14-19; 35 at ¶ 16 (Ms. Mehl "remains on the loan.") Moreover, the Trust remains obligated on the 2006 home loan as well. Defendant's documents indicate that there has been no modification to the 2006 home loan agreement and plaintiff has not provided documentation to the contrary. Instead, the documentation provided clearly shows that the Trust is a necessary and indispensable party.

On December 11, 2000, the plaintiff and Ms. Mehl deeded their real property to the Trust. ECF No. 39-1 (Defendant's RJN) at 7-8. On July 14, 2006, an Adjustable Rate Mortgage Note ("Note") was obtained for $320,000 with World Savings ("2006 home loan") identifying the co-borrowers as: Catherine Cahill Mehl and John Glen Mehl, Wife and Husband, and John Mehl and Catherine C. Mehl, Trustees of the John Mehl and Catherine Mehl Family Revocable Trust Established 12/11/2000. ECF No. 39-1 (Defendant's RJN) at 14-19. Moreover, the Note was signed by Ms. Mehl, in her individual capacity; plaintiff, in his individual capacity; and on behalf of the Trust by Ms. Mehl and plaintiff, separately as Trustees in their representative capacities. Id. at 19. "A mortgage or deed of trust comes within the statute of frauds." Secrest v. Sec. Nat'l Mortg. Loan Tr. 2002-2, 167 Cal. App. 4th 544, 552 (2008). "A mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the case of a grant of real property." Id. (citing Cal. Civ. Code § 2922). There has been no documentation provided to the court showing a modification of the 2006 home loan agreement.

Plaintiffs remaining claims all derive from events related to his submission of a HAMP application in 2016. See ECF No. 35 at ¶ 17. Further, there is no indication that plaintiff's remaining causes of action, implicating Ms. Mehl's interest in the subject real property, were terminated or extinguished as a result of the bankruptcy discharge. See ECF No. 3-1 at 95-96 (plaintiff and Ms. Mehl represented that the real property and the mortgage loans by Wells Fargo and Wachovia would be "retained, "pay pursuant to contract," and claimed as exempt.).

Under California law "the trustee is the real party in interest with standing to sue and defend on the trust's behalf." Estate of Giraldin, 55 Cal.4th 1058, 1074 (2012) (internal quotation marks omitted); see also Cal. Civ. Pro. §369. "[A] trust is not an entity and any action by or against the trust must proceed through the trustees […] in their representative capacity, as it is the

trustees who hold title to the property held in trust." Portico Mgmt. Grp., LLC v. Harrison, 202 Cal. App. 4th 464, 475 (2011). Here, plaintiff brings this lawsuit only in his individual capacity. Plaintiff has failed to produce documentation or facts refuting the Trust's continuing obligation on the 2006 home loan. Accordingly, the claims here alleged may only be brought by the trustees of the Trust in their representative capacity. See Cal. Prob. Code § 15620 ("Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action.")

### 2. Feasibility of Joinder

Although joinder of the necessary parties is theoretically possible, plaintiff has acknowledged that joinder of the Trust would require representation by counsel. ECF No. 43 at 4. Plaintiff states that he "lacks [the] resource[s] to pay for [] expensive legal counsel." Id. As explained above, the Trust is a necessary and an indispensable party to this lawsuit. However, a pro se litigant may represent himself only, not an entity such as a Trust. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir.1987) (a non-attorney trustee may not represent a trust in pro se in federal court.); see also E.D. Cal. L. R. 183(a) (a corporation or *other entity* may appear only by an attorney) (emphasis added). If the Trust were joined but unrepresented by counsel, it would have to be dismissed. See C.E. Pope, 818 F.2d at 697-98 (affirming dismissal where pro se trustee appeared on behalf of trust). Because the necessary joinder requires the Trust to retain counsel, which Mr. Mehl has represented it cannot or will not do, the court concludes that joinder is not feasible.

### 3. "Equity and Good Conscience"

Because joinder is not feasible, the court must decide whether the absent parties are indispensable, i.e., whether in "equity and good conscience" the action can continue without them. Bowen, 172 F.3d at 688. Having considered the factors set forth in Rule 19(b), the court readily concludes that Ms. Mehl and the Trust are indispensable and that equity and conscience do not permit plaintiff to proceed in their absence.

The factors listed in Rule 19(b) include prejudice to the absent parties, the extent to which such prejudice could be mitigated by the court, and the adequacy of judgment in the absence of

9

the un-joined parties. Fed. R. Civ. P. 19(b)(1)-(3). All three of these factors weigh heavily in favor of dismissal. To the extent that this court could adjudicate plaintiff's claims in their absence, Ms. Mehl and the Trust could be seriously prejudiced because their interests in the property and loan are substantial. A judgment could not be tailored in a way to sever those interests from plaintiff's individual interests. Moreover, in light of Cal. Prob. Code § 15620, discussed supra, it appears that adequate judgment cannot be rendered in the absence of the Trust, because it is the party with standing to bring the claims.

The fourth factor specified in the rule is "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Fed. R. Civ. P. 19(b)(4). Plaintiff's remedy, if any, lies in an action brought by the Trust.

Having balanced the Rule 19 factors, the undersigned concludes that the Trust and Ms. Mehl are indispensable parties without whom the action may not equitably and good conscience proceed. Consequently, the case should be dismissed without prejudice. Dredge Corp. v. Penny, 338 F.2d 456, 463–64 (9th Cir. 1964) ("The failure to join an indispensable party possibly may be overcome by joining that party. If this cannot be, *or is not done*, the action is subject to dismissal, but not with prejudice since this defense operates only to abate the particular action.") (emphasis added).

## IV. MOTION TO STRIKE

Defendant also brings a motion to strike portions of the first amended complaint. ECF No. 40. However, because the court is recommending dismissal of the complaint pursuant to defendant's motion to dismiss, defendant's motion to strike should be denied as moot.

## V. CONCLUSION

For the reasons set forth above, the court HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss, ECF No. 39, be GRANTED;
2. Defendant's motion to strike, ECF No. 40, be DENIED as moot; and
3. The first amended complaint, ECF No. 35, be DISMISSED without prejudice for failure to join an indispensable party, and the case CLOSED.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 11, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE